PROB 12 (Rev. 11/1/2004)

FILED BY CLERK OF COURT

# United States District Court

**for the**

**DISTRICT OF MINNESOTA**

**United States v. Corey Rogers Coulson**

**Docket No. 0:01CR00315-001(PAM)**

**Petition on Supervised Release**

COMES NOW **Richard W. Hermes**, U.S. PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of **Corey Rogers Coulson** who was sentenced for Making a False Statement to Secure a Loan on February 22, 2001, by the Honorable John C. Shabaz Western District of Wisconsin, who fixed the period of supervision at 5 years supervised release, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

Participate in drug/alcohol treatment program, financial disclosure, no new credit, no employment with fiduciary responsibilities, and restitution in the amount of $36,662.33

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

STANDARD CONDITION #11: The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

On September 28, 2005, Mr. Coulson was arrested by the Isanti Police Department and charged with Driving Under the Influence of Alcohol. The matter is pending.

Mr. Coulson failed to contact this officer within 72 hours. In addition, during a home visit on November 15, 2005, he failed to inform this officer of this arrest. When confronted with this new arrest during a home visit on November 29, 2005, Mr. Coulson admitted to the arrest.

MANDATORY CONDITION: The defendant shall pay restitution that remains unpaid at the commencement of the term of supervised release in accordance with the schedule of payments set forth in the financial penalties sheet of the judgement. The defendant shall pay restitution of $36,662.33 which is due and payable immediately.

On April 9, 2003, Mr. Coulson appeared for a deposition with the Financial Litigation Unit of the U.S. Attorney's Office. It was learned that he sold the doors and furnace of his racing car shop for $4,000.00 and purchased equipment to remodel his racing car shop into a bar and grill to be owned by his elderly mother. It was also learned that he gave a 4-wheeler as a down payment on a contract for deed purchase. He failed to report these transactions to this officer. On April 11, 2003, he made a $4,500.00 restitution payment.

On April 29, 2006, a home visit was made. Mr. Coulson was not at home, but during the stop, it was noted that a large stack of new deck lumber had been delivered. When confronted, Mr. Coulson reported that he had done some remodeling work for another person. When this person was unable to pay him in cash, he

SCANNED
OCT 24 2006
U.S. DISTRICT COURT ST. PAUL

CC: AUSA, FPD, FLN

accepted the lumber in exchange. Mr. Coulson had no response when advised that he would have been expected to liquidate the lumber and make some type of restitution payment rather than using a barter system to make residential improvements.

On a Uniform Residential Loan Application signed by Mr. Coulson on June 2, 2006, he reported a monthly income of $5,000.00. He also reported the following assets:

Village Bank account with a balance of $15,000
Personal residence valued at $330,000
1970 Roadrunner vehicle valued at $70,000.00
Ford Ranger valued at $7,000.00
Honda vehicle valued at $3,000.00
Personal tools valued at $75,000.00
Ford Mustang valued at $17,000
Pontoon boat and 3 snowmobiles valued at $14,500
Personal property valued at $150,000.00

Numerous times since commencement of supervised release, inquiries were made with respect to assets that could be liquidated and restitution payments made. Mr. Coulson was consistently dishonest when asked of assets.

On that same loan application dated June 2, 2006, Mr. Coulson declared and denied that he was presently delinquent or in default on any federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee.

Mr. Coulson submitted a monthly report on August 15, 2006, indicating that he purchased a pontoon boat for $4,000.00, and that after making repairs to the pontoon boat it was sold for $6,900.00. No restitution payments were made.

As of September 19, 2006, the restitution balance was $38,897.13. His last payment was for $100.00 made on February 23, 2006. Since commencement of supervised release on March 4, 2002, he has paid $5,175.00.

On October 3, 2006, it was learned the average daily balance on his checking account at the Village Bank was $2,275.79.

SPECIAL CONDITION: Close all existing lines of credit, except his residential home loans, and not apply for or obtain any new lines of credit without advance approval from the supervising probation officer.

On July 6, 2005, I met with Mr. Coulson and learned that he had purchased a recreational vehicle with a $7,000.00 loan. Mr. Coulson did not have permission to secure this loan. It was agreed that when the RV was sold, he would be expected to make a restitution payment. It is believed the RV was sold in November or December 2005. No restitution payments were made.

As delineated above, Mr. Coulson submitted a monthly report on August 15, 2006, indicating he purchased a pontoon boat for $4,000.00, and after making repairs it was sold for $6,900.00. When questioned, he

denied securing a loan or financing for the purchase. He claimed a banker told him to write a check for the purchase and the bank would cover the check. The banker was interviewed and confirmed Mr. Coulson's claim but stated in banking terms this certainly would be considered a line of credit.

On August 19, 2006, Mr. Coulson advised he was seeking to refinance his residence for an amount sufficient to build a large garage addition and pay the entire restitution.

A credit check conducted on September 18, 2006, revealed the following new lines of credit:

Capital One Credit card with a balance of $513.00 (opened in March 2006)
Core Trust Bank account in Souix Falls, South Dakota, with a balance of $206.00 (opened in August 2006)
First Savings Bank in Souix Falls, South Dakota, with a balance of $408.00 (opened in August 2006)
Minnco Credit Union savings account with a balance of $4,702.00 (opened in August 2006)

STANDARD CONDITION #5: The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reason.

Since commencement of supervised release on March 4, 2002, Mr. Coulson has worked only sporadically doing short-term remodeling/fence building jobs. He has been consistently directed to secure full-time, verifiable employment and pursue other business interests on a part-time basis. On July 20, 2005, Mr. Coulson was provided a list of approximately 380 jobs in his county of residence. He was also provided the address and a map to the Minnesota Workforce Center in his county. As of this writing, he continues to be self-employed and has stated he has always been self-employed and will make no changes. Contrary to monthly directives, he has failed to provide consistent verification of income other than handwritten notations.

PRAYING THAT THE COURT WILL ORDER That a summons be issued and the defendant be brought before the Court to show cause why supervision should not be revoked.

**[The rationale for a summons is contained in Section 5 of the violation report.]**

ORDER OF THE COURT

Considered and ordered this 20th day of October, 2006, and ordered filed and made a part of the records in the above case.

Honorable Paul A. Magnuson
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Richard W. Hermes
U.S. Probation Officer

Executed on October 16, 2006
Place Minneapolis